MEETINGS OF MEDICAL EXAMINERS — NOTICE TO TAKE DISCIPLINARY ACTION The State Board of Medical Examiners may not set more than one regular meeting during the first six months of each calendar year and may not set more than one regular meeting during the second six months of each calendar year. The State Board of Medical Examiners may neither cite licensees to appear nor take disciplinary action against a licensee at a special meeting. The Attorney General has had under consideration your letter of August 8, 1970, wherein you ask: "1. May the State Board of Medical Examiners set more than one regular meeting during the first six months of each calendar year, and more than one regular meeting in the second six months of each calendar year? "2. May the State Board of Medical Examiners cite licensees to appear and take disciplinary action against a licensee at a special meeting, provided the 30 day notice is given to the licensee?" You have directed our attention to Title 59 O.S. 488 [59-488] (1961) and 59 O.S. 503 [59-503] (1961), which provide as follows: Section 488: "The Board shall hold one regular meeting in the first six (6) months of each calendar year and one regular meeting in the last six (6) months of each calendar year, at times to be fixed by the president and secretary in a written notice sent by the secretary to each member of the Board not less than forty (40) days before said meetings, which are to be held at the State Capital, and it shall have power to adjourn from time to time until its business is completed; and its president and secretary may call special meetings at any time to be held at the State Capital or at any other place to be fixed by said president and secretary by giving written notice thereof to each member at least ten (10) days before each special meeting. A majority of the members of the Board shall constitute a quorum for the transaction of business but a less number may adjourn from time to time until a quorum is present. Section 503: "The State Board of Medical Examiners may suspend or revoke the license or certificate of any physician . . . for unprofessional conduct, but no such suspension or revocation shall be made until such licentiate be cited to appear for hearing. . . . Upon the filing of such complaint, either by an individual or the Board as provided herein, such citation must forthwith be issued by the Secretary of the Board over his signature and seal of the Board, setting forth the complaint of said unprofessional conduct, and giving due notice of the time and place of the hearing thereof by the Board of Medical Examiners. The said citation shall be made returnable at the next regular meeting of the Board occurring at least thirty (30) days next after the service of said citation. The accused shall file his written answer thereto under oath with the Secretary of said Board within twenty (20) days after the service upon him of said citation and therewith shall deposit with the Secretary his license or certificate authorizing him to practice medicine and surgery within this State and unless such answer with such license or certificate be filed as herein set forth, the accused shall be considered in default and his license or certificate suspended or revoked, if the charges be deemed sufficient by the Board; provided, that the Secretary of the Board may extend the time of answer upon satisfactory showing that the defendant is for reasonable cause, unable to make answer within the said twenty (20) days, but in no case shall the time be extended beyond the date of the next regular meeting of the Board, unless continuance thereof be granted by the Board." (Emphasis added) In the case of Carter Oil Company v. Scott 12 F.2d 780 (10th Cir. 1926), the Court stated in the body of its opinion: "It is a rule of construction well settled by authorities that words and phrases employed in a statute will be given their plain ordinary meaning according to the import of language used." We feel that the phrase "one regular meeting in the first (last) six (6) months of each calendar year" is quite understandable and should be given its plain ordinary meaning. Therefore, in answer to your first question, the Attorney General is of the opinion that the State Board of Medical Examiners may not set more than one regular meeting during the first six months of each calendar year and may not set more than one regular meeting during the second six months of each calendar year. We note that Section 503, supra, speaks in terms of citations to appear at the next 'regular meeting' and extending the time within which to file written answers to include the date of the next "regular meeting". Section 503 is silent concerning "special meetings". We have been advised that the long standing practice of the Board, based on their interpretations of the above quoted statutes, has been to hold revocation hearings at "regular meetings" but not at "special meetings". Lincoln National Life Insurance Company v. Read, Insurance Commissioner, et al, 194 Okl. 542, 156 P.2d 144 (1944), provides in paragraph four of the syllabus that: "The long continued construction of a statute by Department of Government charged with its execution is entitled to great weight and should not be overturned without cogent reasons." Therefore, due to the use of the term "regular meeting" and the commission of the term "special meeting" in Section 503 and due further to the long standing practice of the Board of holding hearings at "regular meetings" exclusively, it is the opinion of the Attorney General that the State Board of Medical Examiners may neither cite licensees to appear nor take disciplinary action against a licensee at a special meeting. We express no opinion concerning whether the Board could cite a licensee to appear and take disciplinary action against him following the calling of a "regular meeting" and at a subsequent adjourned meeting of that regular meeting within the same six months period where the cited licensee is provided the 30 day notice of hearing required in Section 503. We also express no opinion concerning any actions which might be taken in regard to the emergency suspension of a license pursuant to Section 314(c) of the Administrative Procedures Act, 75 O.S. 301 [75-301] — 75 O.S. 327 [75-327]. (William M. Bonnell)